**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ROGETT L. WILCOX,

        Petitioner,

vs.                                Case No.   3:05-cv-327-J-32MCR
                                                          3:03-cr-119-J-32MCR

UNITED STATES OF AMERICA,

        Respondent.

_____

## **ORDER**[1]

This case is before the Court on petitioner Rogett L. Wilcox's ("Wilcox") Motion Pursuant to Rule 59(e), Federal Rules of Civil Procedure, for Reconsideration of the Denial of his § 2255 Motion. (Doc. 17). The government did not file a response. The undersigned's Order dated June 12, 2006 denied Wilcox's § 2255 Motion as untimely. (Doc. 15). In the motion for reconsideration, Wilcox asserts that: (1) this Court failed to consider all grounds raised in the § 2255 motion in violation of Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) and (2) pursuant to Harris v. United States, 149 F.3d 1304 (11th Cir. 1998), the statute of limitations applicable to § 2255 motions does not preclude a petitioner from attacking his sentence on jurisdictional grounds where, as is alleged here, the government failed to file the required information under 21 U.S.C.

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

§ 851(a) informing the Court of its intent to use one or more prior convictions to increase a defendant's sentence. As to the first contention, consistent with Clisby, the Court indeed considered all of the grounds Wilcox raised in his § 2255 motion. Because Wilcox filed the motion outside the applicable limitations period, the motion, and all arguments raised therein, are time barred. (See Doc. 15 at p. 3).

As to the second contention, Wilcox's position that this Court was without jurisdiction to sentence him because the government failed to file an information pursuant to 21 U.S.C. § 851(a) is without merit. As set forth in footnote 5 on page 4 of the June 12, 2006 Order (Doc. 15), assuming *arguendo* that this ground survives the one-year limitations period, the notice requirements of 21 U.S.C. § 851(a) do not apply. As opposed to seeking an increase to any statutory minimum or maximum penalty under 21 U.S.C. §§ 841(b)(1)(B) & 851(a), the government is not required to follow the § 851(a) notice requirements to use a defendant's prior convictions to classify him as a career offender and thus increase the applicable guidelines range under § 4B1.1 of the sentencing guidelines. See Young v. United States, 936 F.2d 533, 536 (11th Cir. 1991); accord United States v. McElroy, 2006 WL 1228707 *3 (11th Cir. May 09, 2006) (unpublished opinion) (citing Young).

Accordingly, it is hereby **ORDERED**:

Rogett L. Wilcox's Motion for Reconsideration of the Denial of his § 2255 Motion Pursuant to Rule 59(e), Federal Rules of Civil Procedure Motion to Vacate, Correct, or Modify Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 17) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of September, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

t.
Copies:
counsel of record pro se party